# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **BETTY BOLES** | * | **CIVIL ACTION NO. 07-0843** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LIBERTY MUTUAL ASSURANCE COMPANY OF BOSTON** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss or, in the alternative, a motion for a more definite statement filed by the defendant Administrator of the Employee Welfare Benefit Plan of J.P. Morgan Chase Bank, N.A. ("Chase"). (Doc. #18). The plaintiff, Betty Boles, opposes the motion. (Doc. #22). For reasons stated below it is recommended that the motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. Furthermore, it is **ORDERED** that the motion for a more definite statement be **GRANTED**.

## I.  BACKGROUND

The plaintiff has filed suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), against Chase and Liberty Life Assurance Company of Boston. The plaintiff's claims relate to several different employee benefits plans created by Chase, her former employer. (Doc. #12, ¶ 3). The plaintiff "is seeking benefits from her long term disability plan as well as health insurance plan and life insurance benefits . . ." (Doc. #12, ¶ 5). She is also seeking clarification from the defendants regarding her right to future benefits under the plans. (Docs. #1, ¶ 6; #12, ¶ 6).

Chase filed the instant motion on April 14, 2008, contending that the plaintiff's complaint

fails to state a claim for which relief can be granted due to its lack of factual allegations and its general vagueness. Chase further contends that the plaintiff's claim for health and life insurance benefits should be dismissed as premature.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, courts "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. Tex. 1993).

Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl.*, 127 S. Ct. at 1964-65). The court cannot look beyond the face of the pleadings to determine whether a claim is stated. See *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ("This court will not look beyond the face of the pleadings to determine whether

relief should be granted based on the alleged facts . . .").

   A.   **The Complaint's Deficiencies Do Not Justify Dismissal.**

"One of the considerations in determining if a complaint is adequate is an evaluation of whether the defendants realistically can be expected to make meaningful admissions or denials of the allegations of the complaint." *Baker v. Hartford Life & Accident Ins. Co.*, No. 4:08-CV-153, 2008 U.S. Dist. LEXIS 44805 (N.D.Tex. June 9, 2008). Accordingly, plaintiffs must comply with Rule 8's requirement that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Rule 8's notice pleading standard sets a "low bar." *GE Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005).

Nonetheless, the plaintiff's amended complaint leaves both the court and the defendants guessing as to what claims she is asserting and whether grounds for the claims exist. The complaint does not even allege, for example, why the plaintiff would be entitled to benefits; she does not allege that she is disabled under the terms of the long term disability provisions of the policy at issue. Nor does the plaintiff allege that she has exhausted the administrative requirements that apply to her claims. *See Goldman v. Hartford Life & Accident Ins. Co.*, 417 F. Supp. 2d 788, 795 (E.D.La. 2006) ("*once the participant has exhausted his administrative remedies*, he can bring a civil action" to recover benefits, enforce his rights, or to clarify his rights to future benefits.) (emphasis added) (citing 29 U.S.C. § 1132(a)(1)(B)). On the other hand, the defendant's contention that the plaintiff must list the particular statute(s) under which she seeks relief is not consistent with precedent. *See e.g. St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 985 (5th Cir. 1983) ("We find the pleadings in this case sufficient even though they do not state with particularity the exact proposed theory of

relief.").

While the plaintiff's brief in opposition to Chase's motion provides some clarity regarding her claims, the court cannot look outside the scope of the amended complaint in ruling on the instant motion. Thus, the undersigned finds that the defendants cannot be reasonably required to draft a responsive pleading to the plaintiff's complaint. This fact does not justify dismissal, however. "It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dismissing [her] action . . ." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). As the plaintiff's complaint is ambiguous and lacking in substance, the proper remedy is to order the plaintiff to file a more definite statement under Rule 12(e). *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).[1]

### B. The Plaintiff's Claims For Benefits Under Her Health And Life Insurance Plans Should Be Dismissed Without Prejudice As Premature.

In her amended complaint, the plaintiff states that she is seeking "health and life insurance benefits to which she would have been entitled if she is entitled to long term benefits." (Doc. #12, ¶ 5). Chase contends that this claim should be dismissed as premature, since the acknowledged prerequisite has not yet occurred; the plaintiff is admittedly "seeking benefits from her long term disability plan" in the instant suit. (Doc. #12, ¶ 5). The plaintiff offers no opposition to this argument. Moreover, the Summary Plan Descriptions for the health and life insurance plans confirm that the plaintiff's claim for benefits thereunder do not vest, if at all,

---

[1] Chase's objection to future discovery requests can be reurged, if appropriate, after the plaintiff complies with the court's order to provide a more definite statement under Rule 12(e).

until she is approved to receive long term disability benefits.[2] (Doc. #18 - Ex.1, p.1.47; Ex.2, p.4.20).

As the plaintiff will not have a right to the health and life benefits until she is approved for long term disability benefits, she cannot have properly exhausted her administrative remedies for this claim already. Accordingly, the plaintiff's claim for these benefits should be dismissed without prejudice so that the plaintiff may bring the claim, if appropriate, at a future date after she has exhausted the applicable administrative requirements. *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) ("A cause of action under ERISA accrues when a request for benefits is denied."); *see also Tilton v. United Health Care of La.*, No. 01-1674, 2002 U.S. Dist. LEXIS 16875 (E.D.La. Sept. 4, 2002) ("Claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits.").

### III. CONCLUSION

As a result, IT IS RECOMMENDED that the motion to dismiss be **GRANTED, in part, with regard to the plaintiff's claim for health or life insurance benefits**. It is FURTHER RECOMMENDED that the motion to dismiss be **DENIED in all other respects**. Furthermore, it is it is **ORDERED** that the motion for a more definite statement be **GRANTED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

---

[2] The plaintiff references the benefits plans in her complaint and they are central to her claim. In addition, Chase attached the Summary Plan Descriptions to the motion to dismiss. Consequently, they can be examined and cited without converting the instant motion to one for summary judgment. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of July, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE